UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGET JEAN BARR,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 18-10936
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [26],
GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT [20],
AND DENYING BARR'S MOTION FOR SUMMARY JUDGMENT [15]**

    Bridget Jean Barr applied for Disability Insurance Benefits based on her lumbar disc disease, osteoarthritis of the hips, depression, and several other ailments. After her claim was denied, Barr appeared at a hearing before an Administrative Law Judge (ALJ) in April 2017. The ALJ issued an unfavorable decision about a month later. The Appeals Council denied her request for a review of the decision. In March 2018, Barr filed the present action. The Court referred all pretrial proceedings to Executive Magistrate Judge R. Steven Whalen who issued a Report and Recommendation to grant the Commissioner's motion for summary judgment and to deny Barr's. Barr raises one objection to the Report.

    For the reasons that follow, the Court will overrule Barr's objection and adopt the Report.

**I.**

    This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*,

474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted). Supporting a conclusion means there is more than a "scintilla" of evidence but it need not amount to a preponderance. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007); *see also Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) ("An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." (citations and quotations omitted)).

## II.

To receive Disability Insurance Benefits, a claimant must be unable to work by reason of a medical impairment which lasted or can be expected to last for "a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

After a car accident, Barr had spinal surgery. (ECF No. 11-2, PageID.51.) The ALJ found that she was temporarily disabled in the months immediately following the surgery, but that she

was not disabled prior to or after her recovery from the surgery. (ECF No. 11-2, PageID.55.) As the ALJ found that Barr's condition improved after surgery and she was otherwise able to perform light work, he found that Barr was not disabled and therefore not entitled to benefits. (*See* ECF No. 11-2.)

The Magistrate Judge found that substantial evidence supported the ALJ's finding that Barr was only temporarily disabled. (ECF No. 26, PageID.1239.) Barr objects to this finding.

First, Barr argues that, if her back condition was bad enough to warrant surgery, it was bad enough to preclude her from light work. (ECF No. 28, PageID.1256.) But Barr does not explain why that is the case nor does she explain why this renders the ALJ's conclusion unsupported by substantial evidence. "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted). And here, the ALJ cites to numerous points in the record to support his conclusion that Barr was no more than temporarily disabled. (*See* ECF No. 11-2.) Indeed, the ALJ seemed skeptical about the severity of Barr's impairment prior to surgery, noting, "regarding her back impairment, diagnostic imaging has show[ed] mostly mild findings and non-disabling physical examination findings. *Despite this*, the claimant elected to undergo a lumbar fusion surgery in 2015." (ECF No. 11-2, PageID.51 (emphasis added).) Without an explanation for why Barr's election for surgery is evidence that she could not perform light work, the Court will not upset the ALJ's well-supported determination.

Second, Barr points to the fact that, several months after her surgery, she had an additional lumbar MRI "which revealed a disc bulge at L4-5, the level above her operative site" and that, after that testing, she was sent back to a pain clinic for steroid injections. (ECF No. 28, PageID.1256.) But, as the Magistrate Judge explained in his Report, the MRI report does not note

3

the severity of that bulge so it is unclear whether this is strong evidence of continued impairment. (ECF No. 11-11, PageID.1117.) Further, the ALJ highlighted that Barr's gait and posture were "consistently normal," that she had "5/5 strength throughout her body" and a full range of motion of her extremities. (ECF No. 11-2, PageID.52.) So the fact that an MRI taken several months after Barr's surgery showed a bulge near the area of the surgery does not render the ALJ's decision unsupported by substantial evidence.

Third, Barr argues that the Magistrate Judge's use of Barr's normal muscle strength in her lower extremities after surgery as evidence of her recovery was erroneous because "[Barr] had normal muscle strength in her lower extremities the day before her surgery and even the ALJ found this would give her at least a brief period of disability." (ECF No. 28, PageID.1257.) So "[t]his lack of change in her symptoms would not support a finding of improvement after lumbar fusion surgery." (*Id.*)

Barr is not entitled to relief. The ALJ credited Barr's doctor's opinion that she was temporarily disabled immediately after the surgery because she was dependent on a walker and needed a visiting nurse to help with her care. (ECF No. 11-2, PageID.55.) This is presumably because the surgery itself was the cause of the temporary disability. But over time as Barr recovered from the surgery, she obtained the benefits of the surgery and her condition improved. (ECF No. 11-2, PageID.55–56.) So it makes sense for the Magistrate Judge to note Barr's normal lower-extremity strength in finding that she was not disabled even though that strength was normal right before the surgery.

### III.

For the reasons stated, the Court OVERRULES Barr's objection (ECF No. 28) and ADOPTS the Magistrate Judge's Report and Recommendation (R. 26), GRANTS the

Commissioner's motion for summary judgment (ECF No. 20) and DENIES Barr's motion for summary judgment (ECF No. 15).

IT IS SO ORDERED.

                                    s/Laurie J. Michelson
                                    LAURIE J. MICHELSON
                                    UNITED STATES DISTRICT JUDGE

Date: March 21, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon counsel of record on March 21, 2019, using the ECF system.

                                    s/William Barkholz
                                    Case Manager to
                                    Honorable Laurie J. Michelson